[Cite as *State v. Knuckles*, 2011-Ohio-4242.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96078**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KIMMY D. KNUCKLES

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-531870

**BEFORE:**   Cooney, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   August 25, 2011

**ATTORNEY FOR APPELLANT**

Rick Ferrara
1424 East 25th Street
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Brian S. Deckert
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶ 1}** Defendant-appellant, Kimmy Knuckles ("Knuckles"), appeals his burglary conviction. We find no merit to the appeal and affirm.

**{¶ 2}** Knuckles was charged with aggravated burglary with notice of prior conviction and a repeat violent offender specification. The following evidence was presented at the bench trial.

**{¶ 3}** On December 3, 2009, at approximately 7:30 p.m., the victim, Charles Roberts ("Roberts"), heard an unusual noise in his basement. Upon investigation, he discovered a man entering the basement through a broken

window. Roberts screamed at the man, who immediately retreated out the window. Roberts followed the man outside and caught him in the driveway where the two men began to fight.

{¶ 4} A neighbor heard one of the men accuse the other of breaking into his house. She called the police who apprehended Knuckles on a nearby street. Roberts positively identified him as the burglar.

{¶ 5} Knuckles testified in his own defense and admitted that he had prior convictions for aggravated burglary, burglary, and breaking and entering. He explained that he knew a person named "Scott" who had been a tenant in Roberts's basement and that he (Knuckles) had done drugs and spent a few nights in Scott's basement apartment. Knuckles claimed that he had come to Roberts's house to pick up Scott's social security check and other "stuff" and that when he knocked on the basement window, as he had done in the past, the window pane fell out.

{¶ 6} At the conclusion of the trial, the court found Knuckles guilty of burglary in violation of R.C. 2911.12, with notice of prior conviction and a repeat violent offender specification. Knuckles was sentenced to five years in prison. He now appeals, raising four assignments of error.

{¶ 7} In his first assignment of error, Knuckles argues that the trial court abused its discretion when it allowed the prosecution to introduce "other acts" evidence in violation of Evid.R. 404(B) and 609(B). In his second and third assignments of error, he argues the prosecution committed

misconduct when it used "other acts" evidence without providing the evidence to defense counsel in response to discovery prior to trial and that the cumulative errors involving the violation of Evid.R. 404(B) deprived him of a fair trial. In the fourth assignment of error, Knuckles claims the burglary conviction was against the manifest weight of the evidence. Because all the assigned of errors are related, we address them together.

{¶ 8} Pursuant to Evid.R. 404(B) and R.C. 2945.59, "[e]vidence of other acts is admissible if (1) there is substantial proof that the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *State v. Lowe*, 69 Ohio St.3d 527, 530, 1994-Ohio-345, 634 N.E.2d 616. The analysis of evidence under Evid.R. 404 is not complete until the court balances its probative value against its unfairly prejudicial effect as required by Evid.R. 403. *State v. Crotts*, Cuyahoga App. No. 81477, 2003-Ohio-2473, ¶24, citing *United States v. Clark* (C.A.6, 1993), 988 F.2d 1459, 1465. Therefore, exceptions in Evid.R. 404(B) "must be construed against admissibility, and the standard for determining admissibility * * * is strict." *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, paragraph one of the syllabus. Although the standard for admissibility of other-acts evidence is strict, a trial court's evidentiary ruling will not be reversed on appeal unless such ruling is an abuse of discretion amounting to prejudicial error. *Lowe* at 532.

{¶ 9} Knuckles argues the trial court improperly allowed details of his prior crimes into evidence to prove "absence of mistake" and "modus operandi." Knuckles testified that he had no intention of breaking into Roberts's house but had come there to help his friend, Scott, move his "stuff" from the basement apartment. Knuckles claimed he made an honest mistake when he came to Roberts's house. The State claimed that evidence of Knuckles's prior burglary convictions would establish his modus operandi and thereby prove the absence of this alleged mistake.

{¶ 10} A modus operandi provides a "behavioral fingerprint" for the other acts, which can be compared to the behavioral fingerprint for the crime in question. *Lowe* at 531. In other words, the State may use a common modus operandi to prove identity by showing that the accused has committed similar crimes and used the same distinct, identifiable scheme or plan as was used in the commission of the charged offense. However, evidence of a modus operandi is generally used only if the identity of the perpetrator is at issue. Id. Since Knuckles admits he was present at the scene of the crime, identity is not an issue. Further, "[t]o be admissible to prove identity through a certain modus operandi, other acts evidence must be related to and share common features with the crime in question." Id.

{¶ 11} The evidence of Knuckles's other crimes was not related to the charged offense and did not share any distinct features that would establish an identifiable scheme. The State contends that in each of Knuckles's prior convictions, he "broke into the home of someone he did not know, usually through a window, with intent to steal and ended up fighting with the homeowner in two of them." The State claims this evidence proves "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." However, because there is nothing unique about these actions, they fail to distinguish Knuckles from any other burglar. This "other acts" evidence served no purpose but to imply that Knuckles has a propensity to commit criminal acts and that he acted in conformity therewith when he committed the charged offense. This is precisely the "other acts" evidence Evid.R. 404(B) seeks to exclude.

{¶ 12} In the third assigned error, Knuckles argues the prosecution committed misconduct by failing to disclose the "other acts" evidence to him prior to trial in violation of Crim.R. 16(B)(1)(c). The State filed a notice of intent to use other acts evidence. Crim.R. 16(B)(1)(c) provides that "[u]pon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy" the listed documents, including those that "are intended for use by the prosecuting attorney as evidence at

the trial[.]" Similarly, Crim.R. 16(B)(1)(e) states that, on defendant's motion "the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial[.]"  Crim.R. 16(E)(3) sets forth the various remedies if a party fails to comply with the discovery provisions of the rule. In those circumstances, "the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

{¶ 13} The only "other acts" evidence the State offered at trial consisted of Knuckles's own testimony regarding the details of his prior convictions. Knuckles stipulated to his prior convictions on direct examination.  The State did not present any documents nor any surprise witnesses.  No one could have been more familiar with Knuckles's prior criminal history than Knuckles himself.  Therefore, we find no error in the State's failure to produce any written discovery regarding his prior convictions as "other acts" evidence.

{¶ 14} In his second assignment of error, Knuckles contends he was deprived of  his right to a fair trial as a result of cumulative errors the court made in allowing "other acts" evidence to be admitted in violation of Evid.R.

404(B). We agree the "other acts" evidence was admitted in error but find the error was harmless because the remaining evidence weighs strongly in favor of Knuckles's guilt and he stipulated to his prior convictions. Moreover, the trial court, as the trier of fact, would only consider proper evidence.

{¶ 15} In the fourth assignment of error, Knuckles argues his conviction is against the manifest weight of the evidence. In determining whether the verdict was against the manifest weight of the evidence, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new proceeding ordered. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Where a judgment is supported by competent, credible evidence going to all essential elements to be proven, the judgment will not be reversed as being against the manifest weight of the evidence. *State v. Mattison* (1985), 23 Ohio App.3d 10, 14, 490 N.E.2d 926.

{¶ 16} Knuckles was convicted of burglary in violation of R.C. 2911.12 that provides, in pertinent part, that "[n]o person * * * by force, stealth, or deception, shall * * * [t]respass in an occupied structure when another person

other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense."

{¶ 17} Roberts testified that he discovered Knuckles entering his home through a basement window. When confronted, Knuckles immediately climbed out the basement window to escape. A neighbor witnessed the men struggling outside and heard one of them scream: "You thought you could break into my house!" The State played a recording of the neighbor's 911 call reporting the fight. She told the dispatcher that one man was accusing the other man of breaking into his house and that the man had the alleged burglar "pinned down," while yelling for someone to call the police. This evidence is compelling because this witness was a neutral bystander who was simply reporting her present sense impressions as the events unfolded, and her testimony corroborated the victim's version of the incident.

{¶ 18} Although Knuckles denied the burglary, he admitted that he came to the basement apartment to obtain some of Scott's "stuff." According to Knuckles, Scott told him that Roberts would not let him (Scott) have his things. This suggests Knuckles intended to get Scott's "stuff" from Roberts's basement knowing that Scott was not permitted inside the house or basement. Knuckles stated that he knew Roberts was home but did not ring the doorbell, which indicates an intent to enter the home by stealth. He

knocked on the basement window and accidently broke it but denied attempting to enter the house through the window.

**{¶ 19}** In light of the other evidence in the record, excluding the "other acts" evidence, Knuckles's testimony that he did not intend to break into Roberts's house or break the window was not credible. Therefore, we conclude that the burglary conviction was supported by competent, credible evidence and any error in the admission of "other acts" evidence was harmless.

**{¶ 20}** All the assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, J., CONCUR