[Cite as *State v. Bell*, 2012-Ohio-2624.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   97123

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ROY BELL

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546560

**BEFORE:**   E. Gallagher, J., Boyle, P.J., and Kilbane, J.
**RELEASED AND JOURNALIZED:**   June 14, 2012

**ATTORNEYS FOR APPELLANT**

S. Michael Lear
Richard L. Fenbert
Brian A. Murray
Zukerman, Daiker & Lear Co., LPA
3912 Prospect Ave., East
Cleveland, Ohio   44115

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Margaret A. Troia
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Roy Bell, appeals convictions entered in the Cuyahoga County Court of Common Pleas. Appellant argues that the trial court erred in providing incorrect jury instructions, improperly admitting prejudicial tax records, failing to merge allied offenses, denying appellant's motion for acquittal, and imposing disproportionate sentences. Appellant further argues that he was denied effective assistance of counsel and his convictions were against the manifest weight of the evidence. For the following reasons, we reverse and remand.

{¶2} Appellant, Glenroy Gordon, Derrick Williams and Reginald Cromity were charged in an eight-count indictment. On July 14, 2011, the case proceeded to a jury trial against appellant and codefendant Gordon only. In Count 1, appellant was charged with trafficking (marijuana) in violation of R.C. 2925.03(A)(1), with a schoolyard specification. In Count 2, appellant was charged with trafficking (marijuana) in violation of R.C. 2925.03(A)(2), with a schoolyard specification. In Count 3, appellant was charged with drug possession (marijuana). In Count 4, appellant was charged with trafficking (marijuana) in violation of R.C. 2925.03(A)(1). In Count 5, appellant was charged with trafficking (marijuana) in violation of R.C. 2925.03(A)(2). In Count 6, appellant was charged with drug possession (marijuana). In Count 7, appellant was charged with possessing criminal tools, with a specification that the property was used in

commission of a felony. Each of Counts 1 through 7 included nine forfeiture specifications, but each did not reference appellant.[1] In Count 8, appellant was charged with falsification.

{¶3} It was the state's evidence at trial that on November 8, 2010, a confidential informant, Christopher Thomas, told Cleveland Police Detective Michael Alexander that he could purchase marijuana from Reginald Cromity. Thomas described Cromity as a middleman, and expected Cromity to contact his supplier as a part of the purchase.

{¶4} On November 9, 2010, Detective Alexander arranged a "buy/bust" with Thomas, wherein an arrest would occur as soon as the drug transaction took place. Under surveillance, Thomas traveled to Cromity's residence. However, after waiting several hours, the supplier did not appear and the buy/bust did not occur on that day.

{¶5} On November 10, 2010, Alexander contacted Thomas in the morning to set up another purchase of marijuana from Cromity. Upon arrival at Cromity's residence, Thomas waited inside Cromity's house for about an hour before he received a text message from Alexander to "wrap it up." Thomas left the house and went to a meeting point, where he asked the detectives to wait 10 or 15 more minutes. During that time, Cromity again called Thomas and Thomas returned to Cromity's house.

{¶6} Upon his return, Thomas parked his car on the street, and waited with

---

[1] The forfeiture specifications against appellant included: a digital scale, eight cell phones, $325.00 in U.S. currency, $12,110.00 in U.S. currency, a 1999 Ford Expedition, a 2001 GMC Van, and other property (personal papers, packaging materials, computer system and hard drives, money counter, friend badge, two GPS devices, credit cards and/or clothing).

Cromity in Cromity's car for fifteen to thirty minutes when a Ford Expedition[2] arrived and parked behind Thomas's car. Cromity and Thomas then went to Thomas's car, because that is where Thomas had left the buy money. Cromity took the buy money from Thomas and entered the back seat of the Expedition. Cromity returned to Thomas's car less than five minutes later with a shopping bag that contained five pounds of marijuana. On delivery, Thomas ordered an additional three pounds of marijuana. Cromity returned to the Expedition and leaned into the vehicle at the rear passenger side. After about a minute, Cromity again returned to Thomas's car, and Thomas was informed that he would receive the additional three pounds within an hour. The Expedition was then driven, under surveillance, to a clothing store named "Klymaxx" that was also under police surveillance as part of the operation and where appellant was observed exiting the passenger side of the vehicle.

{¶7} The state presented the testimony of Derrick Williams, the driver of the Expedition, and Cromity each of whom were originally indicted as codefendants but who had entered into plea deals with the state of Ohio prior to appellant's trial.

{¶8} Williams testified that on November 9, 2010, appellant contacted him stating "he got some marijuana if I know somebody that wants some." Williams indicated that he knew someone interested in purchasing the marijuana. Williams traveled to the clothing store where appellant took marijuana out of a GMC van and

---

[2] Thomas described the vehicle as a Ford Explorer.

placed it in Williams's Expedition. Williams then took the marijuana he received from appellant to a Save-A-Lot store but the intended purchaser, "Bruce," did not show up. Williams testified that appellant called him and stated if he did not use the marijuana, appellant needed it back. Williams then met with appellant who entered Williams's vehicle and the two men drove to Cromity's residence. Upon arrival, appellant exited the Expedition and spoke with someone on the porch, but no sale of marijuana occurred. Williams returned appellant to his car and returned the five pounds of marijuana to appellant.

{¶9} On the morning of November 10, 2010, Williams testified that "Bruce" contacted him seeking eight pounds of marijuana. Williams went to Klymaxx to pick up eight pounds of marijuana from appellant. After "Bruce" failed to appear, appellant returned home with the marijuana at which appellant contacted him and instructed him to bring five pounds of marijuana to him. On arrival at Klymaxx, appellant entered the passenger seat of an Expedition and asked Williams to drive back to Cromity's residence where Williams parked behind Thomas's car.

{¶10} Both Cromity and Williams testified that Cromity entered the Expedition's back seat, and appellant handed a shopping bag containing five pounds of marijuana to Cromity. Both Cromity and Williams testified that Cromity took the bag to Thomas's vehicle, where Thomas accepted the marijuana, gave money to Cromity and requested an additional three pounds of marijuana for him. Cromity returned to the Expedition where he handed appellant the buy money and asked for an additional three pounds. Appellant

agreed to return with that marijuana in thirty to thirty-five minutes. Williams and appellant drove to Klymaxx where appellant instructed Williams to retrieve the additional three pounds of marijuana from Williams's home. Appellant left the buy money with Williams and planned on retrieving the money from Williams's home later that evening. After dropping the buy money off at his home, Williams returned to Klymaxx with the three pounds of marijuana. Appellant told Williams to go to Cromity's residence to deliver the three pounds of marijuana and call him after the fact. On his way to Cromity's residence, Williams was pulled over by law enforcement officers who found three pounds of marijuana in the back seat of the Expedition as well as $250 of the buy money that had been previously photocopied by the officers for identification purposes.

{¶11} After Williams and the Expedition had been detained, officers converged on Klymaxx and secured it while waiting for a search warrant. At the store, officers recovered $12,000 in U.S. currency found in a hidden compartment wrapped in foil and paper towels, an additional $311 from appellant, three cell phones found in a pair of jeans located near appellant, a small amount of marijuana in appellant's possession, $3,200 from Glenroy Gordon ($250 of which was photocopy-identified buy money), personal papers and other property. The police also stopped a vehicle leaving Williams's residence and driven by Williams's wife, which contained a digital scale, a cell phone and $4,500 in photocopy-identified buy money. A total of $5,000 of the $6,000 buy money was recovered. All eight pounds of marijuana that was recovered

were individually contained in one-pound bags.

{¶12} The jury found appellant guilty as charged but for Count 8 that had been dismissed by the state. Furthermore, under Counts 1 through 7, the jury found that appellant must forfeit the 2001 GMC Van, 1999 Ford Expedition and a cell phone. Appellant was found not guilty of the six other forfeiture specifications.

{¶13} The guilty verdicts are reflected in the trial court's journal entry but it is of grave concern to this court that the verdict forms are not part of the record before this court.

{¶14} At the sentencing hearing on July 25, 2011, the trial court merged as allied offenses Counts 3 and 6 into Counts 2 and 5, respectively. Appellant was sentenced to a prison term of seven years on each of Counts 1 and 2, five years on each of Counts 4 and 5, and one year on Count 7, to be served consecutively. Appellant appeals, raising the eight assignments of error contained in the appendix to this opinion.

{¶15} Appellant's first assignment of error states:

> The trial court erred to the prejudice of Appellant by instructing the jury on the definition of preponderance of the evidence without specifying that preponderance of the evidence applied solely to the forfeiture specifications, thus creating confusion and the possibility of burden shifting, in violation of Appellant's state and federal constitutional rights to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Constitution of the State of Ohio.

{¶16} The record reflects that the trial court properly defined the reasonable doubt standard and instructed the jury that the appellant must be acquitted unless the state

produced evidence that convinced the jury beyond a reasonable doubt of every essential element of the offense(s) charged.

{¶17} The trial court also explained that if the jury returned a guilty verdict on Count 1 they must further "decide the 10 additional factual questions, that is, the schoolyard specification and the nine forfeiture specifications" in Count 1. Specifically, the trial court stated:

> The forfeiture specifications, ladies and gentlemen, there are numerous forfeiture specifications. The state claims that defendant's right, title and interest in the scale or scales used to weigh the drugs are subject to forfeiture to the state of Ohio. You will return a verdict of forfeiture if you find by the greater weight of the evidence that the scale used to weigh the drugs constituted and/or was contraband involved in the offense and/or property derived from or through the commission or facilitation of the offense and/or is an instrumentality the offender used or intended to use in the commission of the felony offense and the use or intended use was sufficient to warrant forfeiture.
>
> * * *
>
> The preponderance of the evidence is the greater weight of the evidence, ladies and gentlemen. That is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it.
>
> A preponderance means evidence that is more probable, more persuasive or of greater probative value. It is the quality of the evidence that must be weighed, ladies and gentlemen. Quality may or may not be identical with quantity or the greater number of witnesses.
>
> * * *
>
> If the weight of the evidence is equally balanced or if you're unable to determine which side of an issue has the preponderance, then the *defendant* has not established such issue." (Emphasis added.)

{¶18} The trial court instructed the jury regarding each of the individual forfeiture specifications and then instructed on Counts 2 through 7, in each instance explaining that in order to convict, the jury must find defendant guilty beyond a reasonable doubt of the individual crimes.

{¶19} Appellant argues that the trial court's instruction regarding the preponderance of the evidence standard was confusing because the court did not explain that the preponderance of the evidence standard applied *only* to the forfeiture specifications and not the schoolyard specification or the other counts in the indictment.

{¶20} As an initial matter we note that the trial court misstated that the burden of proof in regard to the forfeiture specifications was upon the appellant as opposed to the state. R.C. 2981.04(B) requires the state to prove by a preponderance of the evidence that the subject property is in whole or part subject to forfeiture under R.C. 2981.02. *See also State v. Parra*, 8th Dist. No. 95619, 2011-Ohio-3977, ¶ 61.

{¶21} The record reflects that appellant objected at trial to the trial court's instruction. The trial court overruled the objection referencing Ohio Jury Instructions. O.J.I. 417.29 is the only portion of the criminal jury instructions that defines preponderance of the evidence and it is included in a section on affirmative defenses. However, that particular recitation of the preponderance of the evidence standard places the burden on the defendant in relation to the establishment of affirmative defenses and was inappropriate in the present instance.

**{¶22}** Appellant argues that the trial court's misstatement of the preponderance of the evidence standard contaminated the instructions for the schoolyard specifications as well as the instructions relating to each separate count in the indictment.

**{¶23}** This court must review jury instructions in the context of the entire charge. *State v. Hardy*, 28 Ohio St.2d 89, 92, 276 N.E.2d 247 (1971). In *Hardy*, the Ohio Supreme Court held:

> In determining the question of prejudicial error in instructions to the jury, the charge must be taken as a whole, and the portion that is claimed to be erroneous or incomplete must be considered in its relation to, and as it affects and is affected by the other parts of the charge. If from the entire charge it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error results. *Id.*

**{¶24}** While unquestionably confusing, taken as a whole and in context, this court cannot find the trial court's instructions amounted to error as to *all* of the counts for which appellant was found guilty because for each separate count the trial court reiterated that the applicable burden of proof was beyond a reasonable doubt.

**{¶25}** We do find, however, that the trial court's preponderance of the evidence instruction resulted in prejudicial error to the appellant in regards to both the forfeiture specifications for which the instruction was clearly erroneous and the schoolyard specifications in Counts 1 and 2. Schoolyard specifications must be proven by the state beyond a reasonable doubt. *State v. Curiale*, 8th Dist. No. 94290, 2010-Ohio-6018, at ¶ 13. The trial court failed to include this point in the jury instructions and instead stated that if the jury's verdict was guilty it then must, "decide the 10 additional factual

questions, that is, the schoolyard specification and the nine forfeiture specifications." The only burden of proof the trial court provided in regards to the schoolyard specifications and the forfeiture specifications was the erroneous preponderance of the evidence instruction.

{¶26} Furthermore, we note that the trial court erroneously failed to differentiate between the forfeiture specifications that applied to only appellant and the forfeiture specifications that applied only to appellant's codefendant, Glenroy Gordon. Specifically, the trial court's instructions regarding the forfeiture of money recovered from the defendants failed to note that the $3,200 forfeiture specification applied only to defendant Gordon and the $325 and $12,110 forfeiture specifications applied only to appellant; the jury returned verdicts in appellant's case as to each specification, whether he was named in them by virtue of the indictment or not.

{¶27} Appellant's first assignment of error is sustained, in part.[3]

{¶28} Appellant's second assignment of error states:

The trial court erred to the prejudice of Appellant by instructing the jury that Derrick Williams and Reginald Cromity were accomplices and by failing to instruct the jury in conformity with ORC 2923.03(D), in violation of Appellant's state and federal constitutional rights to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Constitution of the State of

---

[3]Appellant further argues that the trial court erred in instructing that the jury "must decide separately the question of the guilt or innocence of each of the two defendants." Appellant's argument is without merit on this point as this court has previously held such an instruction to be proper where the jury must separately consider the evidence applicable to each defendant as though he were being tried separately. *State v. Fannin*, 8th Dist. No. 80014, 2002-Ohio-4180, at ¶ 42.

Ohio.

**{¶29}** The record reflects that appellant failed to object to the trial court's accomplice instruction.

**{¶30}** Crim.R. 30(A) provides in pertinent part:

On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.

**{¶31}** Pursuant to this rule, the failure to object to a jury instruction in a timely manner generally constitutes a waiver of any claimed error relative to the instructions. *State v. Majid*, 8th Dist. No. 96855, 2012-Ohio-1192, at ¶ 72, citing *State v. Underwood*, 3 Ohio St.3d 12, 444 N.E.2d 1332 (1st Dist.1983), syllabus.

**{¶32}** Under Crim.R. 52(B), however, this court has the power to recognize plain error or defects involving substantial rights even if they are not brought to the attention of the trial court. *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990).

**{¶33}** Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). An error does not rise to the level of plain error unless, but for the error, the outcome of the trial would have been different. *Long* at paragraph two of the syllabus.

**{¶34}** Appellant complains that the following instruction constituted plain error that compromised his right to a fair trial:

You have heard the testimony from Derrick Williams and Reginald Cromity as well as the confidential informant, Mr. Thomas. These are other people who have pleaded guilty to or accused of the same crime charged in this case and are said to be accomplices, although Mr. Thomas had a separate case, which I know you are familiar with. An accomplice is one who purposely and/or knowingly assists or joins another in the commission of a crime. Whether Derrick Williams and Reginald Cromity were accomplices and the weight to give their testimony are matters for you to determine.

The Testimony of a witness who you find to be an accomplice should be viewed with grave suspicion and weighed with great caution.

{¶35} Appellant argues that the trial court's accomplice instruction essentially instructed the jury that Williams and Cromity were in complicity with appellant and that the instruction did not comport with R.C. 2923.03(D).

{¶36} R.C. 2923.03(D) provides:

(D) If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:

The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.

It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.

{¶37} The trial court's instruction employed a standard jury instruction for the testimony of an accomplice from the Ohio Jury Instructions. *See* 2 CR *Ohio Jury*

*Instructions*, Section 409.17, alternative number one. The particular instruction as used by the trial court in this case informed the jury that the testimony of an accomplice should be viewed with suspicion and weighed with caution. Such an instruction has been held to substantially comply with R.C. 2923.03(D). *State v. Adams*, 9th Dist. No. 2621, 1992 WL 36156 (Feb. 26, 1992).

{¶38} Appellant's second assignment of error is overruled.

{¶39} Appellant's third assignment of error states:

The Preparation and Performance of Appellant's Trial Counsel was deficient and prejudiced Appellant in such a way as to violate the Appellant's state and federal constitutional rights to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

{¶40} In order to prevail on a claim for ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at 143.

**{¶41}** In determining whether counsel's performance fell below an objective standard of reasonableness, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id*.

**{¶42}** In considering a claim of ineffective assistance of counsel, an appellate court need not examine counsel's performance if the defendant fails to prove the second prong of prejudicial effect. *Bradley* at 143. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id*.

**{¶43}** Appellant argues that his counsel was ineffective for failing to file a motion to reveal any deals entered into between the state and the state's witnesses against him. Appellant further asserts that his counsel was ineffective for failing to question the state's witnesses regarding the number of years such deals reduced the witnesses' potential prison terms as opposed to the reduction in felony degree levels upon which appellant's counsel did question the witnesses.

**{¶44}** In the present instance appellant has failed to demonstrate any prejudice. Appellant's counsel questioned the state's witnesses regarding their plea agreements, including the lesser charges they pled guilty to and their agreements to testify against appellant. This court has previously stated:

While we agree that a plea bargain may provide a motive to misrepresent

the facts, and therefore is a proper subject of cross-examination. *Compare* Evid.R. 616(A), the specific extent of the benefit the plea bargain provided to the witness is not relevant to this purpose. The fact that the witnesses agreed to plead guilty to lesser charges and to testify against appellant is sufficient to demonstrate the witness' potential motive to misrepresent the facts. A comparison of the potential penalties under the plea agreement versus the original charges does not add to this demonstration. *State v. Gresham*, 8th Dist. No. 81250, 2003-Ohio-744, at ¶ 9.

**{¶45}** Appellant's argument is without merit and his third assignment of error is overruled.

**{¶46}** For ease of discussion we address fifth and sixth assignments of error out of order.

**{¶47}** Appellant's fifth assignment of error states:

The trial court erred as a matter of law and to the prejudice of Appellant by denying Appellant's motions for judgment of acquittal, as to Count Four of the indictment, pursuant to Crim. R. 29(A), in violation of Appellant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 16 of the Ohio Constitution.

**{¶48}** Appellant argues that his motion for judgment of acquittal, as to Count 4 of the indictment, made pursuant to Crim.R. 29(A), was improperly denied by the trial court because the state of Ohio failed to offer sufficient evidence to sustain a conviction.

**{¶49}** Pursuant to Crim.R. 29(A), a court "shall order the entry of a judgment of acquittal of one or more offenses * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."

**{¶50}** An appellate court's function when reviewing the sufficiency of the

evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, (superseded by statute and constitutional amendment on other grounds). A reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541 (Cook, J., concurring).

**{¶51}** The elements of the trafficking offense for which appellant was convicted under Count 4 are set forth in statute. R.C. 2925.03(A)(1) provides:

(A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance.

**{¶52}** Appellant argues that the evidence offered by the state was insufficient as a matter of law to establish that appellant offered to sell an additional three pounds of marijuana because the state only offered the testimony of Williams and Cromity. Contrary to appellant's argument, both circumstantial and direct testimony was introduced at trial that appellant knowingly offered to sell an additional three pounds of marijuana. Both Cromity and Thomas testified that Thomas ordered three additional

pounds of marijuana after the first transaction. Cromity testified that he informed appellant of the order and appellant agreed to return with the additional marijuana in 30 to 35 minutes. Williams testified that Cromity asked appellant for three additional pounds, and appellant instructed Williams to retrieve the additional marijuana and to deliver it to Cromity.

{¶53} When viewing the evidence in a light most favorable to the state, there was sufficient evidence to prove every element of Count 4 beyond a reasonable doubt.

{¶54} Appellant's fifth assignment of error is overruled.

{¶55} Appellant's sixth assignment of error states:

The trial court erred to the prejudice of Appellant by admitting, over Appellant's objection, tax records establishing that Appellant did not disclose any income for the tax years 2005-2009.

{¶56} Appellant argues that the trial court erred in admitting state's Exhibit 53, a certification of absence of records from the Ohio Department of Taxation that revealed that appellant had no income tax returns on file for the years 2005 through 2009. Appellant reiterates the argument he presented at trial that this record constituted impermissible other acts evidence and allowed the jury to draw from the record an inference that appellant is a drug dealer. The state argues that the record supported its case in regards to the forfeiture specifications and allowed the inference that the money recovered from appellant's person and from inside Klymaxx constituted drug proceeds rather than legitimate income.

**{¶57}** The decision to admit or exclude relevant evidence is within the sound discretion of the trial court. *State v. Bey*, 85 Ohio St.3d 487, 490, 709 N.E.2d 484 (1999). Pursuant to Evid.R. 403(A), relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Furthermore, Evid.R. 404(B) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See also* R.C. 2945.59.

> "The rule lists purposes for which evidence of prior [acts] may be presented, but the list is illustrative rather than exhaustive because the rule forbids only the use of prior-[acts] evidence to show that since the defendant committed crimes in the past, probably he committed the crime of which he is now accused * * *." *State v. Yancy*, 8th Dist Nos. 96527 and 96528, 2011-Ohio-6274, at ¶ 9, quoting *U.S. v. Edwards* (C.A.7, 2009), 581 F.3d 604, 608. Despite this exception, even when other-acts evidence is otherwise admissible, it is limited by relevancy or unfair prejudice considerations. *Id.*, citing Evid.R. 402, 403.

**{¶58}** In this case the trial court abused its discretion in admitting the state's record reflecting appellant's lack of tax filings for the years 2005 through 2009. The danger of unfair prejudice to appellant, by way of the implication that his vacant tax record reflected his career path as a drug dealer, substantially outweighed any probative value that the records provided in regards to the forfeiture specifications. This is particularly the case where as here, the tax records introduced traced back as far as five years prior to the alleged criminal conduct.

**{¶59}** This does not, however, end our inquiry. *Id.*, citing *State v. Knuckles*, 8th Dist. No. 96078, 2011-Ohio-4242, ¶ 14. Appellant objected to the admission of the evidence at trial, and therefore harmless-error analysis is appropriate. *State v. Dixon*, Scioto App. No. 09CA3312, 2010-Ohio-5032, ¶ 42. Pursuant to Crim.R. 52(A) any error, defect, irregularity, or variance that does not affect a substantial right will be disregarded. "We apply non-constitutional harmless-error analysis to evidentiary errors such as this. A non-constitutional error is harmless when there is substantial other evidence to support the guilty verdict." (Internal quotations omitted.) *Id.*

**{¶60}** The state presented substantial evidence to support the guilty verdict beyond the other-acts evidence. For this reason, appellant's sixth assignment of error is overruled because the trial court's error in admitting the other-acts evidence was harmless.

**{¶61}** However, pursuant to the doctrine of cumulative error, a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal. *State v. Baker*, 8th Dist. No. 95300, 2011-Ohio-2784, at ¶ 59, citing *State v. Garner*, 74 Ohio St.3d 49, 656 N.E.2d 623 (1995).

**{¶62}** In order to find "cumulative error" present, we first must find that multiple errors were committed at trial. We then must find a reasonable probability that the outcome of the trial would have been different but for the combination of the

separately harmless errors. (Citations omitted.) *State v. Djuric*, 8th Dist. No. 87745, 2007-Ohio-413, at ¶ 52. To affirm in spite of multiple errors, we would have to determine that the cumulative effect of the errors is harmless beyond a reasonable doubt. *State v. Williams*, 8th Dist. No. 94261, 2011-Ohio-591, at ¶ 25, citing *State v. DeMarco*, 31 Ohio St.3d 191, 195, 509 N.E.2d 1256 (1987) (stating that the errors can be considered harmless if there is overwhelming evidence of guilt or other indicia that the errors did not contribute to the conviction).

{¶63} In the present case, we cannot say that the cumulative effect of the above errors was harmless beyond a reasonable doubt. The trial court's improper admission of the state's tax records exhibit demonstrating appellant's lack of past tax filings dating back five years was other acts evidence that opened the door to the prejudicial inference that appellant was a career drug dealer. The trial court's erroneous jury instructions, at the very least, invalidated appellant's convictions of the schoolyard specifications and forfeiture specifications and, at worst, introduced a confusing element to the jury regarding the applicable burden of proof for appellant's crimes. Considering that the record does not contain overwhelming evidence of appellant's guilt in that appellant's role in the alleged crimes was established entirely by testimony of codefendants in exchange for plea consideration, we find that the accumulation of these errors was unfairly prejudicial. There is a reasonable probability that, but for the above errors, the result of the proceeding would have been different. Therefore, we cannot say that the cumulative effect of the errors was harmless beyond a reasonable doubt.

**{¶64}** Appellant's first and sixth assignments of error are sustained. Appellant's remaining assignments of error are moot. *See* App.R. 12(A)(1)(c).

**{¶65}** Accordingly, the judgment of the lower court is reversed and this matter is remanded for a new trial.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR

Appendix

Assignment of Error No. 1:

> The trial court erred to the prejudice of Appellant by instructing the jury on the definition of preponderance of the evidence without specifying that preponderance of the evidence applied solely to the forfeiture specifications, thus creating confusion and the possibility of burden shifting, in violation of Appellant's state and federal constitutional rights to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Constitution of the State of Ohio.

Assignment of Error No. 2:

The trial court erred to the prejudice of Appellant by instructing the jury that Derrick Williams and Reginald Cromity were accomplices and by failing to instruct the jury in conformity with ORC 2923.03(D), in violation of Appellant's state and federal constitutional rights to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Constitution of the State of Ohio.

Assignment of Error No. 3:

The Preparation and Performance of Appellant's Trial Counsel was deficient and prejudiced Appellant in such a way as to violate the Appellant's state and federal constitutional rights to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

Assignment of Error No. 4:

The trial court committed prejudicial error by failing to merge Counts One and Two and Counts Four and Five prior to sentencing and by sentencing Appellant on allied offenses of similar import, in violation of Appellant's state and federal constitutional rights to be free from double jeopardy.

Assignment of Error No. 5:

The trial court erred as a matter of law and to the prejudice of Appellant by denying Appellant's motions for judgment of acquittal, as to Count Four of the indictment, pursuant to Crim. R. 29(A), in violation of Appellant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 16 of the Ohio Constitution.

Assignment of Error No. 6:

The trial court erred to the prejudice of Appellant by admitting, over Appellant's objection, tax records establishing that Appellant did not disclose any income for the tax years 2005-2009.

Assignment of Error No. 7:

The judgments of conviction as to all counts are against the manifest weight of the evidence, in violation of appellant's right to due process of law, as guaranteed

by the fourteenth amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

Assignment of Error No. 8:

The trial court abused its discretion in imposing a sentence of seven (7) years of imprisonment on Counts 1 and 2, five (5) years on Counts 4 and 5, to run concurrent, as such a sentence is disproportionate to the sentences imposed by the other co-defendants in the within matter and does not satisfy or comply with the principles and purposes of felony sentencing and/or ORC 2929.11 and 2929.12.