OPINION
{¶ 1} Ann Hunter was found guilty by a jury in the Champaign County Court of Common Pleas of attempted felonious assault, and she was sentenced to five years of imprisonment. She appeals from her conviction.
 {¶ 2} On December 9, 2003, Hunter was being held in the Tri-County Regional Jail in Champaign County on charges unrelated to this case. Based on her past conduct, Hunter had been placed in a higher-security area of the jail reserved for inmates for whom special precautions were required or who were known to be violent. Officers Brown and Stamper were sent to serve Hunter a meal, which, in this section of the jail, was usually accomplished through a food slot. On this occasion, however, the food slot would not open, and the officers were required to open the cell door in order to deliver the food. Officer Brown entered the cell first, carrying the food tray, whereupon Hunter jabbed at her three times with the sharpened handle of a plastic eating utensil, or spork.[1] Hunter did not come into contact with Officer Brown any of these times. As she jabbed at Officer Brown, she repeatedly stated, "How do you like that?" Officer Stamper stepped into the cell and "took [Hunter] to the floor." Later that night, Hunter "screamed and hollered and called [the officers] all kinds of names; said she would kick [their] ass. She would kill [them]." According to the officers, Hunter was not supposed to have a spork at the time of this incident. This privilege had been revoked and Hunter was limited to finger foods due to her prior behavior.
 {¶ 3} Hunter was indicted for felonious assault and attempted felonious assault. The felonious assault charge was subsequently dropped. Hunter was tried by a jury on March 9, 2004, and was found guilty of attempted felonious assault. She was sentenced to five years of imprisonment, to be served consecutively with the sentence she was then serving.
 {¶ 4} Hunter raises three assignments of error on appeal.
a. "The trial court committed reversible error by not instructing the jury on the lesser included offense of attempted assault."
 {¶ 5} Hunter asserts that attempted assault is a lesser included offense of attempted felonious assault and that the trial court erred in refusing her request to instruct the jury on this lesser offense.
 {¶ 6} The parties disagree as to whether assault is a lesser included offense of felonious assault. Pursuant to State v. Deem (1988),40 Ohio St.3d 205, 209, 533 N.E.2d 294, the factors for determining a lesser included offense are as follows:
 {¶ 7} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 8} See, also, State v. Kidder (1987), 32 Ohio St.3d 279,513 N.E.2d 311.
 {¶ 9} The parties agree that the dispute in this case centers on the second prong of the Deem test: whether the greater offense cannot, asstatutorily defined, ever be committed without the lesser offense also being committed.
 {¶ 10} R.C. 2903.11(A) defines felonious assault as follows:
 {¶ 11} "(A) No person shall knowingly do either of the following:
 {¶ 12} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 13} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 14} The definition of "serious physical harm" includes several categories of physical harm as well as "[a]ny mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment."
 {¶ 15} R.C. 2903.13(A) defines assault as follows:
 {¶ 16} "A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 17} The state claims that assault is not a lesser included offense of felonious assault because the definition of assault does not encompass any type of mental harm. Therefore, the state reasons, a felonious assault can be committed without the commission of an assault when there is serious mental harm but no bodily harm. Thus, the state asserts that felonious assault can, as statutorily defined, be committed without the lesser offense of assault having been committed, and the Deem test is not satisfied.
 {¶ 18} The state is technically correct that felonious assault could be committed without the commission of an assault where the only "serious physical harm" to the victim was mental harm. However, in its lesser included offense analysis, Kidder specifically refers to the offensecharged in the indictment or information. Kidder, 32 Ohio St.3d at 280-281. Thus, if the indictment or information is sufficiently narrow as to charge only a form of the offense requiring bodily harm, we are of the view that that definition, and not the broader definition set forth in the statute, is the starting point of the analysis of what other offenses might constitute lesser included offenses under the facts of the case.
 {¶ 19} This viewpoint is reflected in State v. Thrasher (Jan. 21, 1994), Clark App. No. 2996, 2997, wherein we confined our analysis of lesser included offenses to the offenses charged, not the broader statutory definition of the named offenses. In Thrasher, the offenses charged were identical to the offenses at issue in Hunter's case, and we concluded that assault as defined by R.C. 2903.13(A) can be a lesser included offense of felonious assault as defined by R.C. 2903.11(A)(1). Id. See, also, State v. Brundage, Hamilton App. No. C-030632,2004-Ohio-6436; State v. Brooks, Clinton App. No. CA2001-01-001, 2001-Ohio-8655.
 {¶ 20} Under the facts of this case, the jury could have reasonably concluded that the evidence supported a conviction for attempted assault rather than for attempted felonious assault. Although Hunter had filed the spork handle so as to make it pointed, a reasonable jury could have concluded that such a device was not capable of inflicting or was not intended to inflict serious physical harm. Thus, the trial court's refusal to instruct the jury on the lesser included offense of assault was prejudicial to Hunter.
 {¶ 21} The first assignment of error is sustained.
 {¶ 22} "The trial court abused its discretion by imposing the maximum sentence."
 {¶ 23} "The trial court abused its discretion by imposing consecutive sentences."
 {¶ 24} Because our disposition of the first assignment of error necessitates a new trial, the alleged errors related to Hunter's sentence are moot, and we need not address them. App.R. 12(A)(1)(c).
 {¶ 25} The judgment of the trial court is reversed, and the matter is remanded for further proceedings.
Brogan, P.J., concurs.
[1]A spork is shaped like a spoon, but it has small tines resembling a fork.