JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, William Bethea, a.k.a. Albert Bethea ("defendant"), appeals from his sentence of three years of community control following his plea of no contest to charges of burglary and theft. Defendant claims that the trial court failed to rule on several pretrial motions, which require this Court to remand. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that in June 2004, defendant was indicted on one count of burglary in violation of R.C. 2911.12
and one count of theft in violation of R.C. 2913.02. He pleaded not guilty to the charges. Following concerns over his competency, the case was transferred to the mental health docket in April 2005 and court-ordered psychiatric evaluations were conducted.
 {¶ 3} In June 2005 and following a finding of competency, defendant pleaded no contest to both charges. He was found guilty and sentenced to three years of community control sanctions. Defendant now appeals and raises a sole assignment of error for our review, which states:
 {¶ 4} "I. The lower court erred and denied the appellant due process of law by failing to properly rule on several pretrial motions."
 {¶ 5} Defendant claims error in the trial court's failure to rule on his motion to suppress and motion to dismiss the indictment, both filed November 5, 2004. He further claims that the trial court erred in the failure to rule and make factual findings on his March 9, 2005 motion to dismiss on speedy trial grounds.
 {¶ 6} Although defendant claims error in the failure to rule on his November 5, 2004 motion to suppress, the record contains no evidence that such a motion was ever filed. We therefore, decline to further address any suppression argument.
 {¶ 7} With regard to his November 5, 2004 motions to dismiss, the record reflects that defendant filed three pro se motions to dismiss: one on grounds of lack of specificity; one for lack of probable cause to stop; and one for selective prosecution. At a hearing on February 2, 2005, the trial court denied these motions. The court first acknowledged defendant's motion to dismiss for lack of specificity and promptly denied this motion. (Tr. at 27.) As for the remaining dismissal motions, the trial court found that:
 {¶ 8} "Motion to dismiss for lack of probable cause is denied. Probable cause is a matter for the grand jury.
 {¶ 9} "Motion to dismiss for selective prosecution filed. No set of facts is put forward in the motion so that will be denied as well." (Tr. at 27).
 {¶ 10} It is clear from the transcript that the trial court both acknowledged and ruled on these pro se motions and promptly denied all three before proceeding toward trial. Therefore, any contention that the trial court failed to rule on these filed motions lacks merit.
 {¶ 11} As for any related claim that the denial of these motions was in error, this claim also lacks merit. Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo.Perrysburg Township v. City of Rossford, 103 Ohio St.3d 79, 81,2004-Ohio-4362.
 {¶ 12} Defendant's motion to dismiss for lack of specificity is a standard pre-printed form which sets forth no specific facts and generally contends that the indictment fails to specify the date, time and place of the offense. A felony defendant is entitled to an indictment disclosing the nature and cause of the accusation, which requires the state to set forth the material facts constituting the elements of the offense in order to afford the defendant adequate notice and opportunity to defend. Statev. Sellards (1985), 17 Ohio St.3d 169, 170. An indictment need not state the exact date and time where such are not elements of the offense. Id. at 170-171, citing R.C. 2941.05; 2941.08(C). A review of the indictment shows that it does, in fact, set forth sufficient material facts to survive a motion to dismiss.
 {¶ 13} Defendant's second motion, alleging a lack of probable cause to stop, is also a pre-printed dismissal form and sets forth no specific facts. Instead, the motion only generally claims that the police stopped him without observing any criminal conduct. "There is absolutely no provision in the Ohio Rules of Criminal Procedure with respect to a `Motion to Dismiss' a criminal case that is founded upon a lack of probable cause * * * `The proper remedy for Fourth Amendment violations is suppression of the evidence, not dismissal of the charges.'" State v. Lloyd
(1998), 126 Ohio App.3d 95, 100, quoting, State v. Hartley
(1988), 51 Ohio App.3d 47, 48 [other citations omitted]. The trial court was therefore correct in overruling defendant's motion simply because the court could not grant the relief asked for in his motion.
 {¶ 14} Defendant's third dismissal motion, alleging selective prosecution, fails to set forth even any general claims and there is no memorandum in support. Therefore, the trial court's denial of this motion was also proper.
 {¶ 15} Finally, defendant contends that the trial court erred in failing to rule on his March 9, 2005 motion to dismiss for violation of his speedy trial rights. Although the record lacks evidence that this motion was ruled upon, when a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it. State ex rel. Cassels v. DaytonCity School Dist. Bd. of Education (1994), 69 Ohio St.3d 217,223.
 {¶ 16} On July 23, 2004, counsel for defendant filed a suggestion of incompetence to stand trial under R.C. 2945.37(B) and a request for mental evaluation under R.C. 2945.371. The filing of this motion automatically tolled the calculation of the speedy trial requirements. As the Ohio Supreme Court held inState v. Palmer, 84 Ohio St.3d 103, 1998-Ohio-507, "we find that, pursuant to R.C. 2945.72(B), the time within which an accused must be brought to trial is tolled from the date the accused files a motion challenging his or her competency to stand trial." The tolling of R.C. 2945.72(B) continues until the trial court makes a competency determination. Palmer, supra.
 {¶ 17} Approximately one month after his indictment, defendant filed a suggestion of incompetency. Following counsel's request for an evaluation, on September 3, 2004, defendant was found incompetent to stand trial. On March 3, 2005, defendant was again referred to the court psychiatric clinic for a competency evaluation, and he was again found incompetent to stand trial.
 {¶ 18} On April 29, 2005, his case was transferred to the mental health docket and he was referred to the psychiatric clinic for a 20-day in-patient hospitalization to assess his competency. That same month, he was again found incompetent to stand trial. In early June 2005, defendant was referred for an updated evaluation, and a competency hearing was held on June 27, 2005. Following the stipulations of counsel and the recommendations of the examining psychiatrist, defendant was found competent to stand trial.
 {¶ 19} Although the process of evaluating defendant's competency was conducted over a year-long period, the requirements for speedy trial calculation were tolled due to his own motion suggesting incompetency and continued through the trial court's ultimate finding of competency. Therefore, since the time within which defendant had to be tried was explicitly tolled by the provisions of R.C. 2945.72(B), he was not deprived of his speedy trial rights.
 {¶ 20} Defendant's sole assignment of error lacks merit.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., concur.