JUDGMENT: AFFIRMED
{¶ 1} Defendant Richard Caster (appellant) appeals his felonious assault conviction, claiming the court erred in failing to instruct the jury on the lesser included offense of assault. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On June 28, 2005, appellant and Russell Manzo were at Russell's brother Larry's house when appellant confronted Russell over a $20 drug debt. Appellant proceeded to beat Russell in the head with his fists and allegedly a heavy object such as a sugar bowl or a coffee mug. Russell allegedly lost consciousness for a brief time, and when he awoke, appellant continued the attack. Eventually, Larry, who is confined to a wheelchair, intervened and told appellant to leave. Russell went to the emergency room where he allegedly received approximately 30 stitches over his right eye and six staples above his right ear.
 {¶ 3} On July 29, 2005, appellant was charged with two counts of felonious assault in violation of R.C. 2903.11 and one count of intimidation in violation of R.C. 2921.04. On December 13, 2005, a jury found appellant guilty of one count of felonious assault and acquitted him of the other two charges. On January 17, 2006, the court sentenced appellant to two years' imprisonment.
 II {¶ 4} In his sole assignment of error, appellant argues that "the trial court erred in failing to instruct the jury on the lessor [sic] included offense of assault, as requested by the defense."
 {¶ 5} A criminal defendant is entitled to a jury instruction on a lesser included offense "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988), 40 Ohio St.3d 213, 216.
 {¶ 6} It is uncontested that assault, which is governed by R.C.2903.13, is a lesser included offense of felonious assault, which is governed by R.C. 2903.11. See State v. Rogers (Mar. 4, 1993), Cuyahoga App. No. 62014; State v. Hunter, Champaign App. No. 2004CA5,2005-Ohio-443. Pursuant to R.C. 2903.11(A), felonious assault is defined as knowingly causing serious physical harm to another. For the purpose of this appeal, assault is defined as knowingly causing physical harm to another. R.C. 2903.13(A). In the instant case, the difference between the two offenses rests in the word "serious." Therefore, for a jury instruction on assault to be warranted, the evidence must have reasonably supported a finding that the harm appellant inflicted on Russell was not serious.[1] R.C. 2901.01(A)(3) defines physical harm as, inter alia, "any injury * * * regardless of its gravity or duration." R.C. 2901.01(A)(5) defines serious physical harm as, inter alia, "any physical harm that involves some * * * incapacity * * *, disfigurement * * * [or] any degree of prolonged or intractable pain."
 {¶ 7} According to the record, testimony regarding Russell's injury is both vague and confusing. Medical records were submitted as evidence, but no medical professional testified. The records do not reflect that Russell lost consciousness, and they are unclear on whether he received any stitches. The records do show, however, the following: Russell suffered from multiple lacerations on the right side of his face and head; six staples were used to close one of the wounds on his scalp; two CT scans were ordered to check possible head trauma; and pain medication was prescribed upon his release from the emergency room.
 {¶ 8} In addition to the admittance of medical records, Russell and his brother Larry testified as to what happened during the incident. Russell at first testified that appellant had a sugar bowl in his hand when appellant hit him. However, Russell later testified he did not see anything in appellant's hand when appellant initially struck him, but something must have been there because a fist alone could not have caused that much damage. Russell also testified that the reason there was no record of the stitches in his face was because the doctor "must have lost count." Asked why he went to the emergency room, Russell stated, "[b]ecause the meat was hanging out of my eye."
 {¶ 9} Larry, who witnessed the altercation, testified that at one point appellant "picked up the coffee pot that was on the table and started smacking [Russell] in the head with it." Larry further testified that he saw his brother the next day and Russell had stitches in his face and staples in his head.
 {¶ 10} While the state's evidence is at times inconsistent, the medical records and the testimony at all times reflect "serious" physical harm. At a minimum, the state showed lacerations to the face, possibly requiring up to 30 stitches, six staples in the head and a prescription for pain medication, all of which are evidence of incapacity, disfigurement and/or prolonged pain. A finder of fact could not reasonably conclude that this injury is not serious. See, e.g.,State v. Payne (July 20, 2000), Cuyahoga App. No. 76839 (concluding that a "bloody, cut, and swollen right eye" amounts to temporary disfigurement, and is included within the ambit of serious physical harm); State v. Manning (May 26, 1995), Adams App. No. 94CA582 (holding that when the victim's injuries included swelling and three lacerations on the side of the face, "no reasonable trier of fact could find appellant guilty of causing physical harm to [the victim], rather than causing serious physical harm to [the victim]").
 {¶ 11} Accordingly, the court did not err in failing to instruct the jury on simple assault in the instant case, and appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] This assumes, of course, that the evidence also reasonably supported a finding that physical harm did indeed occur, as mandated by the second prong of the Thomas test.