JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Front Leasing Co., LLC, DBA Aristocrat Berea, appeals from the trial court order that dismissed its complaint against defendant-appellee, Jan Hecker, Fiduciary for the Estate of Paul Hecker, deceased; thereby preventing appellant from obtaining reimbursement for nursing care it provided to the decedent before his death.
 {¶ 2} Appellant presents one assignment of error, in which it asserts the trial court's order was improper for several reasons. Appellant argues it presented its claim in a timely manner pursuant to both R.C.2117.06 and 2117.12. Appellant further argues in the alternative that, if its claim was not filed in accordance with R.C. 2117.06, that statute is unconstitutional; appellant contends the statute violates the rights to due process and equal protection of the law, and, additionally, is unconstitutionally vague.
 {¶ 3} Upon a review of the record, this court cannot agree with any of appellant's arguments. Consequently, the trial court's order is affirmed. *Page 2 
 {¶ 4} Appellant presented the following pertinent facts in its complaint.
 {¶ 5} In March, 2004, the decedent entered into an agreement with appellant, whereby in exchange for the decedent's payment of a monthly fee, he resided in appellant's facility and received, inter alia, nursing care.
 {¶ 6} On December 9, 2004 the decedent died.
 {¶ 7} On "May 16," 2006 the Cuyahoga County Probate Court established an Estate for the decedent, and appellee qualified as the Executor.[1]
 {¶ 8} On "July 31, 2006" appellant served upon appellee a claim upon the estate in the amount of $89,898.54, for unpaid amounts due pursuant to the agreement.[2]
 {¶ 9} On August 3, 2006, appellee rejected the claim as untimely presented pursuant to R.C. 2117.12(C).
 {¶ 10} Appellant filed the instant action on October 13, 2006, demanding payment on the account and alleging R.C. 2117.06 was unconstitutional. In compliance with Civ.R. 10(D), appellant attached to the complaint a copy of the agreement signed by the decedent and a copy of the demand letter sent to appellee.
 {¶ 11} Appellee filed a motion to dismiss the complaint, arguing that appellant's claim was time-barred pursuant to both R.C. 2117.06 and2117.12. *Page 3 
Appellee attached to the motion a copy of the probate court document which appointed him fiduciary of the decedent's estate.
 {¶ 12} Appellant filed a brief in opposition to the motion to dismiss, arguing that it had presented its claim in a timely manner pursuant to R.C. 2117.06. Appellant asserted it had sent letters to appellee requesting payment for the outstanding balance on the decedent's account prior to the time of appellee's appointment as fiduciary of the decedent's estate, viz., on April 26, 2005, June 4, 2005 and on July 15, 2005. Appellant attached copies of these letters to its brief as exhibits.
 {¶ 13} Appellant further argued, in the alternative, that, if its demand had not been timely pursuant to R.C. 2117.06, then that statute was unconstitutional. Appellant claimed R.C. 2117.06 violated its rights to due process and equal protection of law, and, further, violated the Commerce Clause of the United States Constitution.
 {¶ 14} The trial court ultimately granted appellee's motion to dismiss appellant's complaint without opinion.
 {¶ 15} Appellant presents one assignment of error for review, claiming the trial court's order was improper. As it did below, appellant argues that it presented its claim against the estate within the relevant statutory time periods, or, if not, then R.C. 2117.06 is unconstitutional.[3] *Page 4 
 {¶ 16} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts entitling it to recovery from the defendant. O `Brien v. University Community Tenant'sUnion (1975), 42 Ohio St.2d 242. As a matter of law, the court must accept all the allegations of the complaint as true. Greeley v. MiamiValley Maintenance Contrs., Inc. (1990), 49 Ohio St.3d 228.
 {¶ 17} The allegations, moreover, must be examined to determine if they support any basis for recovery, even on legal theories not specifically mentioned. Rogers v. Targot Telemarketing Services (1990),70 Ohio App.3d 689. However, plaintiff must set forth in its pleading the necessary elements of its claim against the defendant. See, e.g.,Zuber v. Ohio Dept of Insurance (1986), 34 Ohio App.3d 42; Kordi v.Minot (1987), 40 Ohio App.3d 1.
 {¶ 18} As it pertains to appellant's claim against appellee, R.C.2117.06 states in pertinent part as follows:
 {¶ 19} "(A) All creditors having claims against an estate, including claims arising out of contract * * * shall present their claim in one of the following manners:
 {¶ 20} After the appointment of an executor * * * *Page 5 
 {¶ 21} (c) In a writing that is sent by ordinary mail addressed to thedecedent and that is actually received by the * * * administrator withinthe appropriate time specified in division (B)* * *.
 {¶ 22} (B) * * *[A]ll claims shall be presented within six months afterthe death of the decedent, whether or not * * * an * * * administrator isappointed during that six-month period.* * *
 {¶ 23} (C) * * * [A] claim that is not presented within six months after the death of the decedent shall be forever barred * * *. No payment shall be paid on the claim and no action shall be maintained on the claim* * *."
 {¶ 24} The requirements of R.C. 2117.06 are mandatory. Society Nat'l.Bank v. Johnson (Dec. 18, 1999), Cuyahoga App. No. 72002, citing In reEstate of Fisher (1983), 12 Ohio App.3d 150, 152. The purpose of the law is to assure expeditious and efficient administration of an estate by requiring prompt presentation of claims. Reid v. Premier Health CareServ. (Mar. 19, 1999), Montgomery App. No. 17437 (discretionary appeal not allowed, 86 Ohio St.3d 1437).
 {¶ 25} The record in this case demonstrates appellant failed to comply with the time requirements set forth in R.C. 2117.06. The decedent died on December 9, 2004. Since the decedent was a resident at appellant's facility, appellant presumably was aware he died. Nevertheless, appellant stated in paragraph 5 of its *Page 6 
complaint that it made no formal demand for payment on its claim until June 30, 2006. This is well outside the statutory six-month limit.
 {¶ 26} Moreover, even if the documents attached to appellant's brief in opposition to appellee's motion to dismiss are considered, appellant still did not meet its statutory obligations. Although the decedent had incurred the debt prior to his death, appellant did not address the letters demanding payment on the debt to the decedent, and, further, did not establish that appellee actually received those letters. Varisco v.Varisco (1993), 91 Ohio App.3d 542; see also, Lowery v. Coshocton Cty.Mem. Hosp. (July 1, 1994), Coshocton App. No. 93-CA-22; cf., H RAccounts, Inc. v. Harriet W. Steel Estate, Montgomery App. No. 21213,2006-Ohio-2331.
 {¶ 27} Finally, the record demonstrates that, in failing to comply with the requirements set forth in R.C. 2117.06, appellant did not have a "claim" as defined by the statute. Varisco v. Varisco, supra. Therefore, appellant could not avail itself of the remedy provided in R.C. 2117.12.[4] Cf., Blanchard v. Robinson (June 20, 1997), Montgomery App. No. 16238. *Page 7 
 {¶ 28} As to appellant's alternative arguments regarding the constitutionality of R.C. 2117.06, they previously have been rejected by the appellate courts of this state. See, Society Nat'l. Bank v.Johnson, supra; In re Estate of Reiss (Mar. 6, 1991), Hamilton App. No. C-900053. Appellant, furthermore, is not asserting its own rights in challenging the statute's constitutionality under the Commerce Clause; therefore, this argument also is rejected. City of N. Canton v. City ofCanton, 114 Ohio St.3d 253, 2007-Ohio-4005, ¶ 11.
 {¶ 29} For the foregoing reasons, appellant's assignment of error is overruled.
 {¶ 30} The trial court's order is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] The probate court documents indicate the date as "June 8, 2006."
[2] The letter itself is dated as "June 30, 2006."
[3] Appellant's claim that R.C. 2117.06 is "void for vagueness" was not presented below; therefore, it need not be addressed on appeal.Remley v. Cincinnati Metro. Housing Auth. (1994), 99 Ohio App.3d 573. Nevertheless, the argument previously has been raised and rejected inReid v. Premier Health Care Serv. (Mar.19, 1999), Montgomery App. No. 17437.
[4] That statute provides that if a "claim" against an estate is either "rejected" or not entirely "allowed," the claimant "must commence an action * * * within two months of the rejection if the debt * * * is then due, * * * or be forever barred from maintaining an action on the claim * * *." *Page 1