[Cite as *State v. Wynn*, 2017-Ohio-4062.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103824**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTOINNE WYNN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595910-A

**BEFORE:** E.A. Gallagher, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 1, 2017

**ATTORNEY FOR APPELLANT**

John H. Lawson
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Owen M. Patton
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Antoinne Wynn appeals his felonious assault conviction in the Cuyahoga County Court of Common Pleas. The judgment of the trial court is affirmed.

**Facts and Procedural Background**

{¶2} On May 26, 2015 Wynn was indicted for one count of felonious assault. The case proceeded to a jury trial with Wynn representing himself, pro se, until late in the trial when he chose to have standby counsel handle his case. The following facts were adduced at trial.

{¶3} On May 10, 2015 Wynn and Ramona Roberts engaged in an argument outside the St. Andrew's Towers apartments in Cleveland. Wynn and Roberts had been involved in a relationship that ended in April 2015. The argument culminated in Roberts throwing a hair product canister at Wynn's feet. Roberts then entered the apartment complex and visited a friend on the sixth floor. She spent five minutes on the sixth floor before taking the stairs to the second floor where she was living with her friend, Amanaah Bass. Upon exiting the second floor stairwell, Roberts was attacked by Wynn who struck her several times in the face and head with his fists. Roberts suffered significant bleeding from a 5 cm laceration to her forehead and her right eye was swollen shut. The attack occurred at approximately 12:30 p.m. and ended with Roberts entering the second floor apartment she shared with Bass. Bass called 911 and Roberts was examined at the scene by responding emergency medical services personnel but she

refused transport to a hospital. She eventually sought treatment at the Cleveland Clinic emergency room where she received seven stitches for the laceration to her forehead and she bore a scar at the time of trial. Responding police officers arrived at the scene by 12:50 p.m., observed Roberts' injuries and discovered a large amount of blood on the floor and on the wall near the second floor elevator where the incident occurred. The officers were unable to locate Wynn at St. Andrew's Towers on May 10, 2015.

{¶4} The jury returned a verdict of guilty to the charge of felonious assault in violation of R.C. 2903.11(A)(1). The trial court sentenced Wynn to a prison term of six years.

**Law and Analysis**

**I. Motion for Continuance**

{¶5} In his first assignment of error, Wynn argues that the trial court erred in denying an oral motion for continuance made on the day of trial.

{¶6} A determination of whether to grant or to deny a continuance is a matter left to the discretion of the trial judge, and an appellate court may not disturb the trial court's ruling absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} A reviewing court determines, on a case-by-case basis, whether the trial court's denial of a continuance motion was so arbitrary as to deprive the defendant of due process, paying particular attention to the reasons presented to the trial judge at the time the request was denied. *Unger* at 67, citing *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶8} In determining whether the trial court abused its discretion, an appellate court "weighs * * * any potential prejudice to a defendant [against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Id.*

{¶9} The *Unger* court stated that, in evaluating a motion for a continuance, a court should consider: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful or contrived; (5) whether the defendant contributed to the circumstance that gives rise to the request for a continuance; (6) and other relevant factors, depending on the unique facts of each case. *Id.* at 67-68, citing *United States v. Burton*, 584 F.2d 485, 189 U.S. App. D.C. 327 (D.C.Cir.1978); *Giacalone v. Lucas*, 445 F.2d 1238 (6th Cir.1971).

{¶10} In this instance, Wynn moved for a continuance on the day of trial due to the fact that (1) he had been provided with the criminal history of Amanaah Bass on the morning of trial and (2) portions of security guard notes from St. Andrew's Towers were

redacted. The record reflects that Bass had no criminal history and we agree with the trial court's assessment that a continuance was inappropriate as to that material.

{¶11} In regards to the redacted discovery materials, the state represented to the trial court that the redacted portions were limited to personal information of individuals, including addresses and dates of birth, that were not associated with the case. Crim.R. 16(F)(1) provides for in camera inspection of material designated "counsel only" for an abuse of discretion by the prosecuting attorney. However, pursuant to Crim.R. 16(F) and (M), a defendant is required to file a motion for such inspection no later than seven days prior to trial or three days after the opposing party provides discovery, whichever is later. In camera inspection did not occur in this instance because Wynn never filed a motion seeking review of the "counsel only" materials by the trial court under Crim.R.16(F)(1). The trial court retained discretion to strike Wynn's last-minute request as untimely pursuant Crim.R. 16(M). *State v. Blair*, 3d Dist. Marion No. 9-12-14, 2013-Ohio-646, ¶ 45.

{¶12} Finally, for the first time on appeal Wynn argues that the state failed to disclose Cleveland police officer Matthew Nycz as a witness. However, Wynn did not make a motion for continuance with respect to Officer Nycz and the record reflects that the state disclosed to Wynn during a pretrial that it intended to call the arresting officer from his traffic stop and Wynn failed to object to Officer Nycz's testimony.

{¶13} In light of the above facts, we cannot say that the trial court abused its discretion in denying Wynn's motion for a continuance.

**{¶14}** Wynn's first assignment of error is overruled.

## II. Motion to Dismiss

**{¶15}** In his second assignment of error, Wynn argues that the trial court erred in denying a motion to dismiss the indictment due to the state's failure to provide him with a preliminary hearing following his arrest on May 16, 2015. Wynn also argues that his motion to dismiss should have been granted because his indictment was defective.

**{¶16}** We review a trial court's decision on a motion to dismiss an indictment pursuant to a de novo standard of review. *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 12, citing *State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814, ¶ 14 (12th Dist.). "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *Id.*, quoting *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5.

**{¶17}** Wynn's argument that he was denied a preliminary hearing in violation of R.C. 2945.91 and Crim.R. 5(B) is without merit because he was indicted on May 26, 2015 and a defendant's right to a preliminary hearing is extinguished by the return of an indictment. *State v. Jackson*, 8th Dist. Cuyahoga Nos. 62671 and 62672, 1993 Ohio App. LEXIS 5347 (Nov. 10, 1993), citing *State v. Pugh*, 53 Ohio St.2d 153, 372 N.E.2d 1351 (1978); Crim.R. 5(B)(1).

**{¶18}** Wynn's argument that the indictment was defective due to a lack of detail is also without merit. A felony defendant is entitled to an indictment disclosing the nature

and cause of the accusation, which requires the state to set forth the material facts constituting the elements of the offense in order to afford the defendant adequate notice and opportunity to defend. *State v. Bethea*, 8th Dist. Cuyahoga No. 87088, 2006-Ohio-4758, ¶ 12, citing *State v. Sellards*, 17 Ohio St.3d 169, 170, 478 N.E.2d 781 (1985). R.C. 2941.05 provides:

> In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.

{¶19} A review of Wynn's indictment shows that it does, in fact, set forth sufficient material facts to comply with R.C. 2941.05 and survive a motion to dismiss.

{¶20} Wynn's second assignment of error is overruled.

**III. Jury Instructions on a Lesser Included Offense and an Inferior- Degree Offense**

{¶21} In his third assignment of error, Wynn argues that the trial court committed plain error in failing to provide jury instructions for the lesser included offense of assault and the inferior-degree offense of aggravated assault.

{¶22} Wynn failed to object to the claimed error in the jury instructions at trial and has waived all but plain error. *State v. Majid*, 8th Dist. Cuyahoga No. 96855, 2012-Ohio-1192, ¶ 72. Moreover, any error in the jury instructions is not plain error unless, but for the error, the outcome of the trial clearly would have been different. *Id.*

{¶23} A charge on a lesser included offense is only required where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. *State v. Collins*, 8th Dist. Cuyahoga No. 95415, 2011-Ohio-3241, ¶ 35, citing *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (9th Dist.1988), paragraph two of the syllabus. The court must view the evidence in the light most favorable to the defendant when deciding whether to instruct the jury on a lesser included offense. *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339. An instruction is not warranted, however, every time "some evidence" is presented on a lesser included offense. *State v. Smith*, 8th Dist. Cuyahoga No. 90478, 2009-Ohio-2244, ¶ 12, citing *State v. Shane*, 63 Ohio St.3d 630, 590 N.E.2d 272 (5th Dist.1992).

> To require an instruction * * * every time some evidence, however minute, is presented going to a lesser included (or inferior-degree) offense would mean that no trial judge could ever refuse to give an instruction on a lesser included (or inferior-degree) offense.

*Id.*, quoting *Shane* at 633.

{¶24} A trial court has discretion in determining whether the record contains sufficient evidentiary support to warrant a jury instruction on a lesser included offense; we will not reverse that determination absent an abuse of discretion. *State v. Henderson*, 8th Dist. Cuyahoga No. 89377, 2008-Ohio-1631, ¶ 10, citing *State v. Wright*, 4th Dist. Scioto No. 01 CA2781, 2002-Ohio-1462.

{¶25} Assault under R.C. 2903.13(A) is a lesser included offense of felonious assault under R.C. 2903.11. *State v. Addison*, 8th Dist. Cuyahoga No. 96514,

2012-Ohio-260, ¶ 34, citing *State v. Caster*, 8th Dist. Cuyahoga No. 87783, 2006-Ohio-6594.

**{¶26}** Wynn argues that a jury could have reasonably found that (1) his actions resulted in physical harm rather than serious physical harm to the victim and (2) his actions were reckless as required by R.C. 2903.13(B), rather than knowingly as required by R.C. 2903.11(A). Therefore, Wynn argues, he was entitled to an instruction on the lesser included offense of assault. We disagree.

**{¶27}** R.C. 2901.01(A)(5) defines "[s]erious physical harm to persons" as any of the following:

(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

**{¶28}** "This court has consistently held that the need for stitches constitutes serious physical harm for purposes of a felonious assault conviction." *State v. Studgions*, 8th Dist. Cuyahoga No. 94153, 2010-Ohio-5480, ¶ 10; *see State v. Williams*, 8th Dist. Cuyahoga

No. 98210, 2013-Ohio-573, ¶ 19 (observing that "[t]his court has repeatedly held that the element of serious physical harm is satisfied when the evidence shows that the victim sustained injuries requiring medical treatment, including stitches"). However, we noted in *State v. Henry*, 8th Dist. Cuyahoga No. 102634, 2016-Ohio-692, that, in most cases, it appears that it is not simply the fact that the victim received stitches that leads the court to conclude that the victim sustained "serious physical harm" within the meaning of R.C. 2901.01(A)(5), but rather, the fact that, as is often the case with an injury requiring stitches, the injury and stitches led to a permanent scar or disfigurement. *Id*. at ¶ 42. Further, serious physical harm has been found where a victim sustains a bloody cut and/or significant swelling to the face, even where there is no evidence stitches were required. *Id*. at ¶ 42.

{¶29} In this instance the record reflects that Roberts sustained a laceration to her forehead requiring seven stitches and resulting in a permanent scar. Furthermore, Roberts' right eye was swollen shut for two weeks as a result of Wynn's attack. These facts established that Roberts suffered serious physical harm.

{¶30} In regards to the mens rea component, the testimony established that Wynn surprised Roberts as she exited the second floor stairwell and attacked her by punching her in and about the head and face several times. For the purposes of instructing on the appropriate assault offense, this court has held that a person acts "knowingly" as opposed to "recklessly" when he punches another person in the face. *State v. Clark*, 8th Dist. Cuyahoga No. 104076, 2016-Ohio-5143, ¶ 24.

{¶31} Under these facts, we cannot say that the trial court committed plain error in failing to instruct on simple assault because a jury could not have reasonably found that Roberts suffered physical harm as opposed to serious physical harm or that Wynn acted recklessly in this instance. We next consider Wynn's argument that the trial court committed plain error in failing to instruct the jury on aggravated assault. Aggravated assault is an "inferior degree" of the offense of felonious assault because the elements of the offense are identical except for the additional mitigating element of serious provocation. *State v. Ruppart*, 187 Ohio App.3d 192, 2010-Ohio-1574, 931 N.E.2d 627, ¶ 25 (8th Dist.). In a trial for felonious assault, the jury instruction for aggravated assault must be given when the defendant presents sufficient mitigating evidence of serious provocation. *State v. Blair*, 8th Dist. Cuyahoga No. 76511, 2000 Ohio App. LEXIS 3046 (July 6, 2000).

{¶32} Serious provocation for aggravated assault is defined by R.C. 2903.12 as "the influence of sudden passion or [] a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force." Here, Wynn cites the fact that he and Roberts engaged in an argument outside the St. Andrew's Towers apartments that resulted in Roberts throwing a hair product canister at Wynn's feet. This act clearly does not satisfy the above definition of "serious provocation" sufficient to incite deadly force.

{¶33} Furthermore, even if the interaction between Wynn and Roberts had amounted to a serious provocation, after the initial confrontation Roberts had time to

travel to the sixth floor of the apartment building, spend five minutes visiting with her friend and then take the stairs back down to the second floor before she was attacked by Wynn. Under these circumstances, Wynn had a sufficient time for any heat of passion from the argument to cool. *See*, *e.g.*, *State v. Hunt*, 8th Dist. Cuyahoga No.43822, 1982 Ohio App. LEXIS 15415 (Mar. 18, 1982) (holding that break in time between an argument and an offense provided the defendant with an "opportunity to cool").

{¶34} We find no plain error in the trial court's failure to include a jury instruction on aggravated assault.

{¶35} Wynn's third assignment of error is overruled.

**IV. Testimony Regarding Wynn's Arrest**

{¶36} In his fourth assignment of error, Wynn argues that the trial court erred in allowing the state to introduce the testimony of Cleveland police officer Matthew Nycz who described pulling over a vehicle with four men on May 16, 2015. All four men fled from the vehicle, Nycz apprehended Wynn and Wynn provided him with a false name. The trial court excluded from Nycz's testimony the fact that drugs were found in the vehicle.

{¶37} Wynn objected to Nycz's testimony and the state conceded that the testimony was not relevant to a potential act of flight in the present case. The state explained that it did not know why Wynn fled from the vehicle and it instead intended to use his departure from the scene of the offense on May 10 to support a flight instruction. Nonetheless, the trial court overruled Wynn's objection reasoning that (1) the jury

deserved an explanation of how Wynn came to be in custody, (2) Wynn could explain that he fled the car due to the presence of drugs as opposed to a potential arrest relating to the assault and (3) Wynn waived any objection to the testimony by failing to object during opening statements.

{¶38} "The admission of evidence lies within the broad discretion of a trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 43, citing *State v. Issa*, 93 Ohio St.3d 49, 64, 2001-Ohio-1290, 752 N.E.2d 904. Within this broad discretion is the trial court's duty "to determine whether testimony is relevant and to balance its potential probative value against the danger of unfair prejudice." *State v. Clark*, 8th Dist. Cuyahoga No. 95928, 2011-Ohio-4109, ¶ 32. Evid.R. 402 allows the admission of any relevant evidence so long as the probative value of that evidence is not outweighed by its prejudicial effect, it does not confuse the issue or mislead the jury. Evid.R. 403(A). Our inquiry is limited to whether the trial court acted unreasonably, arbitrarily or unconscionably in deciding to exclude the testimony.

{¶39} In this instance, we find no relevance in the testimony of Officer Nycz to the charge of felonious assault in light of the state's concession that the testimony was not offered to support a flight instruction. We are unaware of any authority to support the trial court's conclusion that Wynn's failure to object to statements made by the state during opening arguments, which are not evidence, waived his ability to object to

testimony during trial. We do not see that the manner of Wynn's arrest was relevant to the underlying charges. The reasoning that Wynn could simply raise the presence of drugs to explain his flight from the vehicle turns Evid.R. 403 on its head in light of the de minimis relevancy of Officer Nycz's testimony.

{¶40} This does not, however, end our inquiry. Although we find that Officer Nycz's testimony should have been excluded because it lacked relevance, we apply the nonconstitutional harmless-error analysis to evidentiary errors such as this. *State v. Mims*, 8th Dist. Cuyahoga No. 100520, 2014-Ohio-5338, ¶ 60; *State v. Bell*, 8th Dist. Cuyahoga No. 97123, 2012-Ohio-2624, ¶ 59. Pursuant to Crim.R. 52(A) any error, defect, irregularity or variance that does not affect a substantial right will be disregarded. A nonconstitutional error is harmless when there is substantial other evidence to support the guilty verdict. *Id.*

{¶41} In this instance, the state presented substantial evidence to support the guilty verdict. Disregarding Officer Nycz's testimony, we find that the record contains overwhelming evidence to support Wynn's conviction. For this reason, we find that the trial court's error in admitting the testimony in question was harmless.

{¶42} Wynn's fourth assignment of error is overruled.

**V. Sufficiency of the Evidence**

{¶43} In his fifth assignment of error, Wynn challenges the sufficiency of the evidence supporting his conviction for felonious assault under R.C. 2903.11(A)(1).

{¶44} A challenge to the sufficiency of the evidence supporting a conviction requires a determination of whether the state has met its burden of production at trial. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. When reviewing sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387; *Jenks* at paragraph two of the syllabus.

{¶45} Wynn reiterates the same arguments he presented in his third assignment of error — that evidence was not presented establishing that he caused serious physical harm or acted "knowingly." For the same reasons set forth as to the third assignment of error, we reject his arguments.

{¶46} Wynn's fifth assignment of error is overruled.

**VI. Manifest Weight**

{¶47} In his sixth assignment of error, Wynn argues that his conviction was against the manifest weight of the evidence.

**{¶48}** A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541; *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence.

**{¶49}** "'When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a "thirteenth juror" and may disagree with the factfinder's resolution of conflicting testimony.'" *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of witnesses and the weight of the evidence are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraphs one and two of the syllabus. Reversal on manifest weight grounds is reserved for the "exceptional

case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin*, *supra*.

{¶50} Wynn argues solely that the victim's testimony was not credible because she offered inconsistent statements regarding when she initially became acquainted with him. Wynn also cites her drug and alcohol use. We do not agree with Wynn's assessment of the credibility of Roberts' testimony. We cannot say that the jury clearly lost its way and created a manifest miscarriage of justice when it chose to believe her testimony regarding the assault.

**VII. Authentication of the State's Photograph Exhibits**

{¶51} In his seventh assignment of error, Wynn argues that the trial court erred by overruling his objection to the admission of several photograph exhibits offered by the state.

{¶52} We again apply an abuse of discretion standard to the trial court's decision to admit evidence. Pursuant to Evid.R. 901(A), authentication is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Any person with knowledge may authenticate a photograph by testifying that it fairly and accurately depicts the subject at the time the photograph was taken. *State v. Wynn*, 5th Dist. Stark No. 2011CA00244, 2012-Ohio-3430, ¶ 39, citing *State v. Hannah*, 54 Ohio St.2d 84, 88, 374 N.E.2d 1359 (1978).

{¶53} In this instance, the state introduced 22 photographs and asked Roberts if she generally recognized them. Roberts indicated that she recognized all of them and

stated they were photographs depicting the exterior and interior of the apartment building, her face, blood and her apartment. She further testified that the pictures were fair and accurate representations of how it looked the day of the incident. The state then questioned her regarding the individual photos. On appeal, the state concedes that some of the photograph exhibits were not specifically addressed by Roberts in her testimony. The record reflects that Roberts did not specifically discuss and individually identify what was depicted in the photographs marked as exhibit Nos. 10, 12, 17, 18, 19, 20 and 21. Wynn objected to their admission for this reason but the trial court overruled the objection.

{¶54} While we find that the trial court erred in admitting the photographs that were not individually identified, we find any error to be harmless in light of the fact that the photographs that were not specifically discussed depicted material that was duplicative of other properly admitted photographs.

{¶55} Wynn's seventh assignment of error is overruled.

**VIII. Flight Instruction**

{¶56} In his eighth assignment of error, Wynn argues that the trial court erred by overruling his objection to a flight instruction.

{¶57} "A trial court should give a proposed jury instruction if it is a correct statement of the law and is applicable to the facts of the particular case." *State v. Rose*, 8th Dist. Cuyahoga No. 89457, 2008-Ohio-1262, ¶ 18. "Flight from justice means some escape or affirmative attempt to avoid apprehension." *State v. Wesley*, 8th Dist. Cuyahoga

No. 80684, 2002-Ohio-4429, ¶ 19. Flight is more than merely leaving the scene of a crime — it would be unrealistic to expect persons who commit crimes to remain on the scene for ready apprehension. *State v. Santiago*, 8th Dist. Cuyahoga No. 95516, 2011-Ohio-3058, ¶ 30. Flight in this context requires the defendant to appreciate that he has been identified as a person of interest in a criminal offense and is taking active measures to avoid being found. *State v. Ramos*, 8th Dist. Cuyahoga No. 103596, 2016-Ohio-7685, ¶ 28. The trier of fact may infer that such circumstances show that the defendant is avoiding the police only because he knows that he is guilty and wishes to avoid the inevitable consequences of his crime. *Id*. The court has discretion to decide whether to issue an instruction on flight. *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578, ¶ 48. A trial court does not abuse its discretion by issuing an instruction on flight if sufficient evidence exists in the record to support the charge. *Id*. at ¶ 49.

{¶58} We find that the trial court abused its discretion in providing a flight instruction in this case. The state argues that a flight instruction was appropriate due to the fact that Wynn did not remain at the scene of the alleged offense until police arrived. However, there is no evidence in the record to demonstrate that Wynn appreciated that he had been identified as a person of interest in a criminal offense and actively took measures to avoid being found. Leaving the scene of the crime is not the same as actively avoiding detection.

{¶59} However, we find the error to be harmless in this instance because it did not change the underlying facts of the case which, with or without the instruction,

fundamentally required that the jury accept Roberts' identification of Wynn as her attacker.  See, *e.g.*,  *State v. Hoston*, 8th Dist. Cuyahoga No. 102730, 2015-Ohio-5422, ¶ 33.

**{¶60}** Wynn's eighth assignment of error is overruled.

**{¶61}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR